UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CAROL GLASSCOCK,**

**Plaintiff,**

v.                                    Case No. 3:20cv5257/MCR/HTC

**ABC PROFESSIONAL TREE SERVICES, INC. and WILLIAM H. O'NEAL,**

**Defendants.**
_____/

## ORDER

This matter is before the Court on two motions filed by Defendants: (1) a motion to strike Plaintiffs' treating physicians' testimony and opinions for failure to provide the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), and/or to exclude such testimony as unreliable and unhelpful under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); and (2) a related motion for summary judgment.  On consideration, Defendants' motions are denied.

**I.    Background**

This action arises out of a vehicular collision between Plaintiff Carol Glasscock and Defendant William H. O'Neal, on September 7, 2017.  Glasscock alleges that she was injured when a vehicle negligently operated by O'Neal, who was driving within the course and scope of his employment with Defendant ABC Professional Tree

Services, Inc. ("ABC Inc."), crashed into the passenger side of her vehicle. She brings claims for negligence against O'Neal and for vicarious liability against ABC Inc., as the vehicle's owner and O'Neal's employer. Glasscock previously moved for summary judgment on the issue of liability; however, that motion was denied because of genuine disputes of material fact bearing on which driver—Glasscock or O'Neal—was at fault for the collision under Florida law. *See* Order, ECF No. 30.

Defendants' current motions are directed at Glasscock's evidence of causation and injuries. Briefly, Glasscock did not disclose any retained experts under Rule 26(a)(2)(B) during discovery. Instead, she identified seven treating healthcare providers as non-retained expert witnesses—Drs. Stephanie Taunton, Pete Smith, Jeff Buchalter, Mark Larkins, Pritesh Patel, and Mark Giovanini, and Donna Garrett, ARNP-BC—and provided summary disclosures of their opinions (and of the proposed bases for those opinions), pursuant to Rule 26(a)(2)(C).[1] There is no dispute that those witnesses' proposed testimony includes opinions regarding causation and the prognosis for Glasscock's injuries. Defendants move to strike those opinions as general expert testimony that, in their view, treaters may not provide absent a properly disclosed expert report, fee schedule and testimonial history under Rule 26(a)(2)(B).

---

[1] Glasscock disclosed three additional treaters under Rule 26(a)(2)(C)—Drs. Jay S. Park, Sean Mahan, and John Sowers—whose testimony and opinions are not challenged by Defendants, presumably because the witnesses are radiologists whose proposed testimony is limited to their respective interpretations of Glasscock's MRIs. *See* Glasscock Rule 26(a)(2) Disclosures, ECF No. 27-1 at 2-3.

Alternatively, Defendants argue that the treaters' opinions are unreliable and unhelpful because they are not based on sufficient facts or data, and the treaters failed to otherwise explain how their medical experience informed their conclusions in Glasscock's case. According to Defendants, the treaters' opinions thus are inadmissible, and, without them, Glasscock lacks admissible evidence of causation and prognosis, which entitles Defendants to summary judgment on her claims.

## II.     Motion to Strike Treaters' Opinions Under FRCP 26 & 37

Rule 26(a)(2) governs a party's obligations in disclosing expert opinions. The rule distinguishes between two types of experts—those who must provide a written report, and those who do not. *See* Fed. R. Civ. P. 26(a)(2)(B) & (C). Witnesses "retained or specially employed to provide expert testimony in [a] case" must provide a written report with specific information regarding their qualifications, opinions, compensation, and testimonial history. *See* Fed. R. Civ. P. 26(a)(2)(B). Non-retained experts have "considerably less extensive" disclosure requirements. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 2010 amendment. They need only submit a written summary of "the subject matter on which [they are] expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions" on which they will testify. *See* Fed. R. Civ. P. 26(a)(2)(C). "Courts must take care against requiring undue detail [in Rule 26(a)(2)(C) disclosures], keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *See id.*, advisory committee's note to 2010

amendment; *see also United States v. An Easement & Right-of-Way Over 6.9 Acres of Land, More or Less, in Madison Cnty., Ala.*, 140 Supp. 3d 1218, 1244-45 (N.D. Ala. 2015). A Rule 26(a)(2)(C) disclosure typically is adequate so long as it provides fair notice of the substance and basis of the expert witness's testimony and enables the opposing party "to determine whether further discovery will be necessary and cost-effective." *See Andrews v. United States*, No. 3:20cv5466, 2021 WL 7452225, at *8 (N.D. Fla. June 2, 2021). A party who fails to provide the disclosures required by Rule 26(a) "is not allowed to use [the undisclosed] information or witness to supply evidence [in the case], unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

Here, Defendants argue that Glasscock's treating physicians cannot offer opinions on causation and prognosis because they only provided summary disclosures under Rule 26(a)(2)(C), and not full expert reports under Rule 26(a)(2)(B). This is incorrect. In distinguishing between experts who must provide written reports and those who do not, courts focus on the "source, purpose and timing" of the witnesses' opinions and their involvement, if any, in the events giving rise to the litigation. *See Engel v. Liberty Ins. Corp.*, No. 1:20cv082, 2021 WL 1383234, at *4 (S.D. Ala. Apr. 12, 2021); *see also Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011); *Caruso v. Bon Secours Charity Health Sys., Inc.*, 703 F. App'x 31, 33 (2d Cir. 2017). Where the experts were not "retained or specially employed" in connection with the litigation, and their opinions—including opinions on causation

and/or prognosis—are premised on personal knowledge and observations made in the course of treating the plaintiff, no written report is required under Rule 26(a)(2)(B). *Engel*, 2021 WL 1383234, at *4 (quoting *Downey*, 633 F.3d at 7); *see also Galluccio v. Wal-Mart Stores East LP*, 1:20cv240, 2021 WL 5033816, at *3 (N.D. Fla. Oct. 15, 2021) ("[A]s many courts have recognized, physicians who form their causation opinions during treatment can offer those opinions under Rule 26(a)(2)(C)—even without a Rule 26(a)(2)(B) report."); *Wademan v. United States*, No. 4:16cv10002, 2017 WL 7794322, at *2 (S.D. Fla. May 17, 2017) ("[A treater's] testimony may include opinions related to causation and prognosis, so long as those opinions stem from treatment of a party as a patient and involve observations the doctor made during the course of that treatment."); *Levine v. Wyeth Inc.*, 2010 WL 2612579, *1 (M.D. Fla. June 25, 2010) ("[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient."). "If, however, the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)." *Id*.

Glasscock allegedly suffered cervical spine/disc injuries as a result of the subject vehicle accident. As summarized below, the seven disputed healthcare providers disclosed in Glasscock's Rule 26(a)(2)(C) report have been involved in Glasscock's

treatment for those alleged injuries and their proposed opinions are grounded in their observations and decisions in the course of providing her with medical care.

| **Expert** | **Role** | **Disputed Testimony** |
| --- | --- | --- |
| Dr. Stephanie Taunton<br>Emergency Room Physician<br>West Florida Regional MC | Examined and treated Glasscock shortly after the accident | Glasscock's initial presentation at the ER, subjective complaints and diagnosis of the nature and cause of Glasscock's injuries (cervical strain/sprain from the subject accident) |
| Dr. Pete Smith<br>Chiropractor<br>Pensacola Physical Medicine, Inc. | Examined and provided chiropractic treatment to Glasscock after the accident and referred her for an MRI and pain management | Nature, cause, and extent of Glasscock's cervical spine injuries, treatment, response to treatment, prognosis, and future care |
| Dr. Jeff Buchalter<br>Dr. Mark Larkins<br>Dr. Pritesh Patel<br>Donna Garrett, ARNP-BC<br>Clearway Pain Solutions Institute | Examined and provided pain management following the accident | Nature, cause, extent, prognosis, and future care for Glasscock's cervical spine injuries, pain management modalities attempted, referral to a neurosurgeon |
| Dr. Mark Giovanini<br>Neuromicrospine | Examined and performed cervical spine surgery on Glasscock | Nature and cause of Glasscock's injuries, surgical treatment provided, current condition, prognosis, and future care |

Glasscock represents that none of her treating healthcare providers were retained or specially employed to provide opinions in this case, and none were provided documents or other outside materials to assist them in developing their medical opinions. *See* Glasscock Response to Motion to Strike, ECF No. 27 at 8. Moreover, it is clear from the evidentiary record—which includes Glasscock's Rule 26(a)(2)(C) disclosure and her treaters' healthcare records—that the experts' opinions were reached solely in the context and course of providing medical treatment to Glasscock, and are

Case No. 3:20cv5257/MCR/HTC

premised solely on personal knowledge and observations made during that treatment.[2] Thus, the treaters do not come to this case as "stranger[s]," drawing their causation and prognosis opinions from independent methodologies and "facts supplied by others, in preparation for trial." *See Engel*, 2021 WL 1383234, at *4 (quoting *Downey*, 633 F.3d at 7). Rather, their opinions arise from their "ground-level involvement" as percipient witnesses in the sequence of events giving rise to the litigation. *See id*. at *3 (quoting *Downey*, 633 F.3d at 6). Consequently, the treaters' opinions were not subject to Rule 26(a)(2)(B), and only summary disclosures under Rule 26(a)(2)(C) were required. Glasscock timely provided a Rule 26(a)(2)(C) disclosure and Defendants do not argue that disclosure was deficient under the Rules of Civil Procedure. Thus, the Court concludes there was no failure to provide Rule 26(a)(2) expert disclosures and there is no basis for excluding Glasscock's treating healthcare providers' opinions under Rule 37(c)(1). Accordingly, Defendants' motion to strike the treaters' expert testimony is due to be denied.

### III. Motion to Exclude Treaters' Opinions Under Rule 702 and *Daubert*

Defendants next argue that Glasscock's treating healthcare providers' opinions are unreliable and unhelpful under Rule 702 and *Daubert* because they are not based on sufficient facts or data, and the treaters failed to otherwise explain how their medical

---

[2] *See, e.g.*, Plaintiff's Rule 26(a)(2) Disclosures, ECF No. 27-1; Taunton Provider Rep. & Records, ECF No. 27-3; Smith Medical Records, ECF No. 27-4; Clearway Pain Solutions Institute Medical Records, ECF No. 27-5; Giovanini Medical Records, ECF No. 27-6.

Case No. 3:20cv5257/MCR/HTC

experience informed their conclusions in Glasscock's case.³  This argument is readily rejected.  Treaters are permitted to testify, based on their "observations and decisions during treatment of a patient," regarding causation, prognosis, and permanence of injuries which are sufficiently related to the information disclosed or obtained during the course of providing that treatment.  *See Britt v. Wal-Mart Stores East, LP*, --- F. Supp. 3d ---, 2022 WL 1100853, at *4 (S.D. Fla. Apr. 13, 2022).  Moreover, treaters may form a reliable opinion as to the cause of an injury, its severity, and/or the extent to which it will persist in the future based on medical knowledge, physical examination, testing, patient history, and temporal connection, particularly "where the [patient] has sustained a common injury in a way that commonly occurs."  *See Wilson v. Taser Int'l, Inc.*, 303 App'x 708, 714 (11th Cir. 2008); *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1144 (S.D. Fla. 2016) ("[T]he opinions of treating physicians on injury causation—based on medical knowledge, physical examination, and patient histories—are routinely admitted in federal courts.").  Here, the evidentiary record provides extensive factual details demonstrating that Glasscock's treating healthcare providers performed physical examinations, took medical histories, reviewed imaging, provided

---

³ Under Rule 702 and *Daubert*, district courts must act as "gatekeepers" to ensure the reliability and relevancy of expert testimony. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (quoting *Daubert*, 509 U.S. at 589). Expert testimony is reliable and relevant—and, therefore, admissible—when the following criteria are met: (1) the expert is sufficiently qualified to testify about the matters he intends to address; (2) the methodology used is "sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Id*.

treatment (including cervical spine surgery by Dr. Mark Giovanini), and monitored Glasscock's responses to treatment. This establishes a reliable factual and methodological basis for the treaters' respective conclusions that Glasscock's injuries were the result of trauma sustained in the vehicular collision on September 7, 2017.[4] Additionally, the treaters' testimony will be helpful in that it will assist the jury in understanding the evidence and determining facts at issue in this case. Defendants' disagreement with the treaters' opinions may be addressed through "vigorous cross-examination" and the presentation of competing expert testimony but it is not a basis for exclusion of the treaters' opinions under Rule 702 and *Daubert*. *See Daubert*, 509 U.S. at 596. Accordingly, Defendants' motion to exclude the treaters' opinions under Rule 702 and *Daubert* is due to be denied.

## IV. Motion for Summary Judgment

Defendants have moved for summary judgment based on their view that Glasscock lacks admissible expert testimony on medical causation and permanent injury, which are required elements of her claims. Because the Court has found that Glasscock's treating healthcare providers' opinions regarding causation, prognosis, and permanence of her injuries are admissible under the applicable rules of evidence and civil procedure, there exists a genuine dispute of material fact on whether the

---

[4] Notably, Defendants' expert, Dr. Matthew Lawson, relied on largely the same evidence—physical examination, medical history, imaging, and treatment records—to reach his opinion that the subject vehicular collision did not cause any permanent injury to Glasscock's cervical spine.

subject vehicular accident caused Glasscock's alleged injuries. Therefore, Defendants' motion for summary judgment on Glasscock's claims is due to be denied.

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Strike/Exclude Plaintiff's Healthcare Providers' Expert Testimony, ECF No. 25, is **DENIED**.

2. Defendants' Motion for Final Summary Judgment, ECF No. 26, is **DENIED**.

3. In order to assist the Court in effectively managing its calendar, counsel are directed to confer personally and notify the Court in writing within seven days, of the expected length of the trial and whether this case will be tried by judge or jury. Trial will be scheduled by separate order.

4. Because the docket indicates that the parties have not engaged in mediation since January 2021, the Court finds it appropriate to refer the case to Magistrate Judge Charles Kahn for a settlement conference to be held within 45 days.

**SO ORDERED**, on this 4th day of June, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**